CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKS
JAN 19 2010
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT EARL MARSHALL,<br>Petitioner, | Civil Action No. 7:09-cv-00424 |
| v. | **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Robert Earl Marshall, a federal prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner requests me to modify his sentence in a way to give him credit for the time he served in federal custody toward his future state sentence. After reviewing petitioner's submissions, I dismiss the petition for failing to state a claim upon which relief may be granted and, alternatively, for lack of jurisdiction.[1]

I.

Petitioner alleges the following facts. Petitioner was arrested, and has been in custody since, December 4, 1998. Upon his arrest, petitioner's "[Virginia] case was turned over to the federal courts" on February 10, 1999.[2] A Virginia court found petitioner guilty of violating probation and sentenced him on June 22, 1999, to three years and six months imprisonment. On July 22, 1999, the United States District Court for the Eastern District of Virginia sentenced petitioner to a 160 month sentence with credit for time already served. Petitioner alleges that the judgment does not indicate whether the sentence shall run concurrent with any previously imposed state sentence. The Bureau of Prison's ("BOP") records reflect that petitioner will be

---

[1] Rule 4 of the Rules Governing § 2254 Cases allows a district court to review a habeas petition and dismiss it if the petitioner is not entitled to relief. <u>See</u> Rule 1(b) of the Rules Governing § 2254 Cases (allowing district court to apply § 2254 Rules to § 2241 petitions).

[2] A review of PACER reveals that petitioner's federal custody and order of temporary detention began on February 11, 1999.

transferred to Virginia custody at the end of his federal sentence for him to serve his three year and six month state sentence. Petitioner requests as relief that a federal court resentence him to allow his federal sentence to run concurrently with a state sentence. Petitioner also requests me to order the state court to clarify its sentence to allow his state sentence to run concurrently with his federal sentence. Petitioner recognizes that the state court could not originally order petitioner's state sentence to run concurrently with a federal sentence that was not yet imposed. (Pet. 7.)

II.

A § 2241 petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas corpus in the district court with jurisdiction over the facility in which he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). However, a petitioner seeking to correct his sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted and sentenced. 28 U.S.C. § 2255. Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

(1) at the time of conviction, settled law of this circuit or the Supreme Court

2

established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate.[3] In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner fails to establish any of the In re Jones elements. Therefore, he may not seek to correct an already imposed sentence via 28 U.S.C. § 2241. Petitioner is advised that he can file a § 2255 motion to correct sentence if he believes that the sentencing judge incorrectly entered his criminal judgment. Petitioner is hereby advised of the procedure for obtaining certification from the Fourth Circuit Court of Appeals to have a district court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Fourth Circuit Court of Appeals with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244. A Fourth Circuit Court of Appeals form and instructions are available from the Fourth Circuit Court of Appeals at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219. Moreover, I do not presently have jurisdiction to order a state court to modify petitioner's state sentence to run concurrently with his federal sentence. Petitioner should address questions of his state sentence to the state court that entered the sentence.

---

[3] A review of PACER reveals that petitioner has filed more than one § 2255 motion challenging his present criminal judgment. United States v. Marshall, No. 3:99-cr-00037-1, at docket #47, 54 (E.D. Va. Feb. 23, 2006).

3

III.

For the foregoing reasons, I dismiss petitioner's 28 U.S.C. § 2241 habeas petition without prejudice, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 19th day of January, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge